IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      v.                                                            18-CR-202-A

STEVEN BRZEZINSKI,

                Defendant.
_____

## GOVERNMENT'S SENTENCING MEMORANDUM

**THE UNITED STATES OF AMERICA**, by and through its attorney, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and Assistant United States Attorney, Stephanie Lamarque, of counsel, hereby files its Sentencing Memorandum with respect to the sentencing of defendant Steven Brzezinski and in support of the Sentencing Guidelines calculations set forth in the plea agreement between the parties, dated October 31, 2018.

## BACKGROUND

On October 31, 2018, the defendant appeared before this Court and pleaded guilty to a one count Information which charged a violation of Title 18, United States Code, Section 2252A(a)(2)(A) [receipt of child pornography]. The plea agreement calculated a guidelines range of 135 to 168 months imprisonment. This memorandum is submitted in support of the government's contention that this Court should impose a sentence of imprisonment of 135 months.

**STATEMENT OF FACTS**

The government agrees with and relies on the statement of facts at paragraphs 12-23 set forth in the revised Presentence Investigation Report (PSR) dated April 23, 2019.

**DISCUSSION**

I.   **The Sentencing Procedure**

Because the Guidelines and the sentencing range they produce in a case must be considered by the court, "a sentencing judge will normally have to determine the applicable Guidelines range," United States v. Crosby, 397 F.3d 103, 111 (2d Cir. 2005), as "the starting point and the initial benchmark."  Gall v. United States, 552 U.S. 38, 49 (2007).  The framework in undertaking the Guidelines calculations is set forth in U.S.S.G. § 1B1.1, and in applying that framework, the judge is obligated to find all facts relevant to calculating the range, and make determinations as to the sentencing range that applies to the defendant.  The standard of proof is preponderance of the evidence, see United States v. Garcia, 413 F.3d 201, 220 n.15 (2d Cir. 2005), even when the court is making determinations of fact, such as when the fact at issue is whether the defendant committed a crime other than the charged offense.  See United States v. Martinez, 525 F.3d 211, 215 (2d Cir. 2008); United States v. Watts, 519 U.S. 148, 157 (1997) (per curiam) ("[A] jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence.").  The Guidelines range calculations are reviewed on appeal, so that "[a]n error in calculating the applicable Guidelines range is among the kinds of procedural error that renders a sentence unreasonable."  United States v. Folkes, 622 F.3d 152, 156 (2d Cir. 2010); see also United

States v. Fagans, 406 F.3d 138, 141 (2d Cir. 2005) (in many cases "an incorrect calculation of the applicable Guidelines range will taint not only a Guidelines sentence, if one is imposed, but also a non-Guidelines sentence, which may have been explicitly selected with what was thought to be the applicable Guidelines range as a frame of reference.").

Title 18, United States Code, Section 3553(a) requires that a sentencing Court "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." In determining the sentence, the Court must consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of

         whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (ii)    that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

. . .

(5)    any pertinent policy statement—

    (A)    issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under Section 994(p) of Title 28); and

    (B)    that, except as provided in Section 3742(g), is in effect on the date the defendant is sentenced.

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In executing these statutory responsibilities, the Court is obligated to: (1) identify the Guidelines range supported by the facts; (2) treat the Guidelines as advisory; and (3) consider the Guidelines together with the other factors outlined in 18 U.S.C. § 3553(a). United States v. Ratoballi, 452 F.3d 127, 131-32 (2d Cir. 2006). In order to "consider" the Sentencing Guidelines, as required by 18 U.S.C. § 3553(a)(4), the Court must determine the applicable

Guidelines range in the same manner as before the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), which essentially rendered the Sentencing Guidelines advisory.  See Crosby, 397 F.3d at 112.  The Second Circuit, however, has cautioned:

> that it would be a mistake to think that, after Booker, district judges may return to the sentencing regime that existed before 1987 and exercise unfettered discretion . . . On the contrary, the Supreme Court expects sentencing judges faithfully to discharge their statutory obligations to 'consider' the Guidelines and all of the other factors listed in section 3553(a).

Crosby, 397 F.3d at 113-114 ("it is important to bear in mind that Booker and Section 3553(a) do more than render the Guidelines a body of casual advice, to be consulted or overlooked at the whim of a sentencing judge."); cf., United States v. Sindima, 488 F.3d 81, 85-86 (2d Cir. 2007) (while a district court may impose a non-Guidelines sentence based upon Section 3553(a) factors already accounted for in the Guidelines range, it must explain why a Guidelines sentence did not sufficiently account for those factors.).  As long as the record reflects that the sentencing court was aware of the recommended Guidelines range and explained the decision to impose a different sentence, a "specific verbal formulation . . . demonstrat[ing] the adequate discharge of the duty to 'consider' matters relevant to sentencing," is not required.  United States v. Fleming, 397 F.3d 95, 100 (2d Cir. 2005); see also United States v. Fernandez, 443 F.3d 19, 30 (2d Cir. 2006).

## II.     A Sentence Of 135 Months Is Appropriate To Achieve The Purposes Of 18 U.S.C. §3553

In a child pornography case such as this one, the primary victims are the children depicted in the images possessed by the defendant.  See United States v. Shutic, 274 F.3d 1123, 1126 (7th Cir. 2001); United States v. Sherman, 268 F.3d 539, 547-48 (7th Cir. 2001).

5

As the <u>Sherman</u> Court noted, "child pornography directly victimizes the children portrayed by violating their right to privacy." <u>Id</u>. As the Court noted in <u>Shutic</u>, "children ... suffer profound emotional repercussions from a fear of exposure, and the tension of keeping the abuse a secret." <u>Shutic</u>, at 1126. (citations omitted). Congress acknowledged the harm done to victims portrayed in child pornography in the recently enacted "Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018":

> The demand for child pornography harms children because it drives production, which involves severe child sexual abuse and exploitation . . . The harms caused by child pornography begin, but do not end, with child sex assault because child pornography is a permanent record of that abuse and trafficking in those images compounds the harm to the child . . . The unlawful collective conduct of every individual who reproduces, distributes, or possesses the images of a victim's childhood sexual abuse plays a part in sustaining and aggravating the harms to that individual victim.

Pub. L. 115-299

Based on the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need to reflect the seriousness of the offense, a sentence of 135 months is sufficient in this case.

### A. THE NATURE AND CIRCUMSTANCES OF THE OFFENSE

In seeking a sentence of imprisonment of 135 months, the government urges the Court to consider the seriousness of the criminal conduct to which the defendant pled guilty. Receipt of child pornography is not a victimless crime. These are not "just pictures". The government disagrees that a non- guideline sentence is appropriate in this case.

The defendant did not simply stumble across images depicting children being sexually exploited while surfing the web. The defendant possessed 114 images and 33 videos of child pornography. In addition, the defendant received child pornography from a minor, with whom the defendant was apparently in a sexual relationship, while chatting over social media. The chats include requests by the defendant for the boy to masturbate and film himself urinating. The defendant received an image of the minor inserting an object resembling a straw into his anus. PSR ¶¶ 16-17. The nature and circumstances of the offense support a lengthy prison sentence.

### B. THE DEFENDANT'S HISTORY

This case is not the first time the defendant has been involved in an offense related to the exploitation of children. As noted in the PSR, in 2012 the defendant was convicted of endangering the welfare of a child. The offense involved the defendant fondling a minor's penis at Fantasy Island and attempting to insert his penis in the boy's anus while the boy tried to push him away multiple times. PSR ¶57. Related to that offense, the defendant's supervision was revoked after being terminated from two sex offender programs, after sending pictures of his genitalia to another participant and also being found in possession of unauthorized items during home visits. PSR ¶57. Furthermore in 2015, the defendant was investigated by Homeland Security Investigations for masturbating on group video chats with minors in London, England. PSR ¶65.

Although he defendant may have the best intention to refrain from ever again seeking out child pornography or having inappropriate sexual contact with minors in person and over the internet, it is important to make sure that any sentence imposed is sufficient to reinforce that objective, especially in light of the fact that he continues to be involved in the sexual exploitation of children after previous convictions. The sentence must also be sufficient to deter others from engaging in similar conduct, and to demonstrate that the justice system understands the damaging effect child exploitation crimes have on the entire community and deter the defendant from further criminal activity.

## **CONCLUSION**

For the foregoing reasons, the defendant should be sentenced to a term of incarceration of 135 months and a lengthy period of post incarceration supervision.

DATED:  Buffalo, New York, May 9, 2019.

> JAMES P. KENNEDY, JR.
> United States Attorney
>
> BY:   s/ STEPHANIE LAMARQUE
> Assistant United States Attorney
> United States Attorney's Office
> Western District of New York
> 138 Delaware Avenue
> Buffalo, New York  14202
> 716-843-5894
> Stephanie.Lamarque@usdoj.gov